UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JESSICA DUBUISSON, | ) |
| | ) |
| **Plaintiff,** | )      **Civil Action No.** |
| | )      **21-10282-FDS** |
| **v.** | ) |
| | ) |
| BRIGHAM AND WOMEN'S HOSPITAL, | ) |
| | ) |
| **Defendant.** | ) |

### ORDER OF DISMISSAL

SAYLOR, C.J.

1.        Plaintiff Jessica Dubuisson's Application to Proceed without Prepaying Fees or Costs, ECF No. 2, is DENIED, as she did not answer questions 5, 7 and 8.

2.        This action is DISMISSED for lack of subject-matter jurisdiction.[1]  "Federal courts are courts of limited jurisdiction.'"  *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

Under 28 U.S.C. § 1331, this Court has federal-question jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. §1331.  Although Dubuisson purports to be proceeding under § 1331, *see* Compl. Section II (checked box for "Federal Jurisdiction"), the Court can discern no federal question presented in this action.

---

[1] The Court observes that although Dubuisson purports to remove or "transfer" a state civil action styled *Dubuisson v. Brigham and Women's Hospital*, 2084CV01660 ("the 2020 State Action"), from Suffolk County Superior Court to federal court, *see* Civil Cover Sheet, Section V (checked box for "Removed from State Court"), ECF No. 1-2; Compl. 6-7, she may not do so because only a defendant may remove a civil action to federal court. *See* 28 U.S.C. §§ 1441 and 1446.  Moreover, a review of the Superior Court docket indicates that that action was dismissed on November 13, 2020.  The Court therefore construes this action as an original action brought in federal court.

Furthermore, there is no basis for the exercise of diversity jurisdiction under 28 U.S.C. § 1332(a). *See* Compl. Section II (box for diversity jurisdiction not checked); Civil Cover Sheet, Section III (identifying parties as citizens of the same state). Diversity jurisdiction is established where the parties are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §1332(a). Here, both parties are citizens of the Massachusetts.

Finally, to the extent Dubuisson is seeking to have this Court to review the Massachusetts Superior Court's dismissal of her state proceeding, even if subject-matter jurisdiction exists, this Court may not review that dismissal under the *Rooker-Feldman* doctrine.[2] "Under the *Rooker-Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Tyler v. Supreme Judicial Court of Massachusetts*, 914 F.3d 47, 50 (1st Cir. 2019) (citation and quotations omitted). It applies where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Id.*

3.      The clerk is directed to enter a separate order of dismissal without prejudice. The motion to assign this action to Magistrate Judge Niedermeier (ECF No. 4) is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV

Dated:  June 2, 2021                     Chief Judge, United States District Court

---

[2] The *Rooker-Feldman* doctrine derives from two Supreme Court decisions: *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman,* 460 U.S. 462 (1983).